```
              THE UNITED STATES DISTRICT COURT
                          FOR THE
                     DISTRICT OF VERMONT
```

TIMOTHY H. SHEA,                  :
                                  :
        Plaintiff,                :    Civil No. 2:09-CV-176
                                  :
    v.                            :
                                  :
WILLIAM H. FORRENCE and           :
PETER CORNELIN FORRENCE,          :
                                  :
        Defendants.               :

## MEMORANDUM AND ORDER

This diversity action involves a negligence claim by Plaintiff Timothy H. Shea against William H. Forrence and Peter Cornelin Forrence. According to the Complaint, on August 6, 2006, Shea was traveling east on Main Street in Burlington, Vermont on a motorcycle. The Forrences were traveling west on Main Street in a Ford Explorer. Shea was struck by the Forrences' vehicle as it made a left hand turn onto South Willard Street. Shea seeks damages for loss of property and nasal injuries sustained in the accident. Shea has disclosed as potential witnesses two physicians whom he intends to call to support his personal injury claim: Michael B. Rho, M.D., from Massachusetts Eye and Ear Infirmary in Stoneham, Massachusetts, and Anjali Ahn, M.D., from Sleep Health Centers in Brighton, Massachusetts.

On June 3, 2010, the Forrences filed a motion to exclude the testimony of Dr. Rho and Dr. Ahn, pursuant to Fed. R. Civ. P. 26, which sets forth the requirements for disclosure of expert witnesses.  Defs.' Mot. to Exclude, ECF No. 29.  After receiving no response from Shea, the Court issued an order indicating that the motion would be granted as unopposed if a response was not filed within ten days of August 8, 2010.  ECF No. 30.  Shea responded on August 11, 2010, Pl.'s Opp'n to Defs.' Mot. to Exclude, ECF No. 31, and the Forrences replied shortly thereafter.  Defs.' Reply in Support of Mot. to Exclude, ECF No. 35.  Having received briefing from both the Plaintiff and the Defendants, the Court now addresses the merits of the motion to exclude.

The Forrences argue that, because Dr. Rho and Dr. Ahn intend to offer testimony regarding the nature of Shea's medical conditions as well as the causal relationship between the accident and these conditions, both doctors are expert witnesses subject to the disclosure requirements established by Fed. R. Civ. P. 26(a)(2).  Rule 26(a)(2) provides that for witnesses "retained or specially employed to provide expert testimony . . . or . . . whose duties as the party's employee regularly involve giving expert testimony[,]" the party must provide a written report containing:

> (I) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii)

>  the data or other information considered by the witness
>  in forming them; (iii) any exhibits that will be used
>  to summarize or support them; (iv) the witness's
>  qualifications, including a list of all publications
>  authored in the previous ten years; (v) a list of all
>  other cases in which, during the previous four years,
>  the witness testified as an expert at trial or by
>  deposition; and (vi) a statement of the compensation to
>  be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

The Forrences point out that both doctors' disclosures fall short of these requirements because, "[a]mong other things, the . . . disclosures omit the experts' publications, the compensation to be paid to them and a listing of the other cases in which they have testified."  Defs.' Mot. to Exclude 4.  The Forrences also assert that the "medical reports proffered by Dr. Rho and Dr. Ahn contain [only] brief statements of their ultimate conclusions, with no explanation of the methodology utilized to draw conclusions from the available data."  *Id*.  Shea argues that because both Dr. Rho and Dr. Ahn will testify as "treating physicians," the detailed disclosure requirements of Rule 26(a)(2) do not apply to them.

The Forrences are correct that Rule 26(a)(2)(A) requires the disclosure of the identity of any witness who may present expert testimony.  However, the Advisory Committee Notes to Rule 26 distinguish between the "expert retained by [a] party in relation to litigation" and the "expert whose information was not acquired in preparation for trial but rather because [she] was an actor or

3

viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit[.]" Fed. R. Civ. P. 26 advisory committees notes, 1970 amends.  The Advisory Committee notes go on to state that "[a] treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Fed. R. Civ. P. 26 advisory committees notes, 1993 amends.  Furthermore, as this Court has previously stated, "[i]n this Circuit, the scope of [] testimony [given by a treating physician] may include opinions about causation, prognosis or permanency, as long as the opinions are based on information learned during the course of treatment." *Hill v. McCoy*, No. 2:06-CV-233, 2009 U.S. Dist. LEXIS 21032, at *2-3 (D. Vt. Mar. 16, 2009) (citing *Smolowitz v. Sherwin-Williams Co.*, No. 02-CV-5940, 2008 U.S. Dist. LEXIS 91019, at *4 (E.D.N.Y. Nov. 10, 2008); *Santoro v. Signature Const., Inc.*, No. 00 Civ. 4595(FM), 2002 U.S. Dist. LEXIS 17286, at *4 (S.D.N.Y. Sept. 16, 2002) (mem.); *Kent v. Katz*, No. 2:99-CV-189, 2000 U.S. Dist. LEXIS 22034, at *2 (D. Vt. Aug. 9, 2000); *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995).

   Accordingly, if Dr. Rho and Dr. Ahn, have opinions about the nature and cause[s] of Shea's medical conditions that are based on information acquired within the scope of their treatment of Shea, the doctors may testify to these opinions without having submitted expert reports.  If, on the other hand, either of the

4

doctors intends to provide opinions that were developed in response to requests from counsel and not as part of treatment, then that doctor must submit a written report consistent with the requirements of Rule 26(a)(2)(B).

Because Shea has represented that Dr. Rho and Dr. Ahn "were not retained or specially employed by the Plaintiff to provide expert testimony[,]" Pl.'s Opp'n 6, the Court **denies** the Forrences' motion to exclude the testimony of these doctors pursuant to Rule 26.  However, if Shea intends to have either Dr. Ahn or Dr. Rho testify to opinions formed in response to requests from counsel and not as part of treatment, then he must submit within thirty days of this order a written report that discloses all information required by Rule 26(a)(2)(B).  Should Shea fail to make the required disclosures, the Court will exclude the doctors from testifying to any opinions formed outside the scope of treatment.

Finally, the Court recognizes that, in addition to arguing that the doctors' opinions must be excluded on the grounds of insufficient disclosure under Rule 26, the Forrences also suggest in their briefing that Dr. Ahn's opinion is inadmissible because it is "not stated with a reasonable degree of medical certainty." Defs.' Mot. to Exclude 4 (quoting *American Stevedoring Ltd. V. Marinelli*, 248 F.3d 54, 65 (2d Cir. 2001); *Everett v. Town of Bristol*, 674 A.2d 1275, 1277 (Vt. 1996)).  Specifically, the

Forrences point out that in a letter to Plaintiff's Counsel, Dr. Ahn stated that "it is *possible* that Mr. Shea had some degree of snoring prior to the [motor vehicle accident], but that these conditions worsened after the [accident] because of the development of a deviated nasal septum . . . ."  Defs.' Reply, Ex. A (emphasis added).  The Court **denies** the motion as premature.  The Court reserves judgment regarding the exclusion of Dr. Ahn's opinion as to the connection between Shea's sleep-related conditions and the accident until such time as it can be determined at trial whether that opinion can be stated with a reasonable degree of medical certainty.

    Dated at Burlington, in the District of Vermont, this 4th day of November, 2010.

                                              /s/William K. Sessions III  
                                              William K. Sessions III  
                                              Chief Judge  
                                              U.S. District Court