```
               THE UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT
```

TIMOTHY H. SHEA,                :
                                :
        Plaintiff,               :    Civil No. 2:09-CV-176
                                :
    v.                           :
                                :
WILLIAM H. FORRENCE and          :
PETER CORNELIN FORRENCE,         :
                                :
        Defendants.              :


### MEMORANDUM AND ORDER

This diversity action involves a negligence claim by Plaintiff Timothy H. Shea against William H. Forrence and Peter Cornelin Forrence.  Shea seeks damages for loss of property and nasal injuries sustained when his motorcycle was struck by the Forrences' vehicle in 2006.  The case is currently scheduled for the Court's October jury draw.  The Forrences have filed a motion in limine to exclude from the trial evidence related to Shea's alleged sleep apnea on the grounds that Shea has not disclosed an expert witness who will be able to testify, with a reasonable degree of medical certainty, that the accident caused the sleep apnea.  Mot. in Limine, ECF No 74.  For the reasons that follow, the motion is **granted**.

Shea initially intended to prove that the motorcycle accident caused his sleep apnea through the testimony of Dr. Michael B. Rho, M.D., an ear, nose and throat doctor.  In a

letter dated June 17, 2009, Dr. Rho indicated that he "believe[d] that [Shea's] motor vehicle accident contributed to his significantly deviated septum," which in turn contributed to his sleep apnea.  However, as Shea now concedes, Dr. Rho "retreated to a certain degree from his opinion [that] the motorcycle accident contributed to [the] deviated septum" in a deposition conducted on May 10, 2011.  Opp'n to Mot. in Limine 7, ECF No. 76.  In this deposition, Dr. Rho acknowledged that at the time he wrote the initial letter, he had been unaware that Shea had been diagnosed with a deviated septum by his colleague, Dr. Katherine Ryan, prior to the accident.  Rho Dep. 43, May 10, 2011, ECF No. 75-1.  Dr. Rho then made the following statement:

> And, because I did not see that note, the letter that I wrote states that I thought that the car accident could have caused the deviated septum. . . .  Now, reviewing that note by Dr. Ryan on September 6, 2005, my letter would be different and my view would be different. . . . [M]y opinion [now] is that it is possible that the car accident caused the deviated septum, and that's all I can say.

*Id.* at 43-44.

   The Forrences argue that, in light of Shea's pre-accident nasal condition, a jury will be unable to conclude that the motorcycle accident caused his sleep apnea without expert testimony on the subject.  The Court agrees.  "The requirements of the law of evidence are met without expert testimony where the facts to be proved are such that any lay person of average

2

intelligence, from his knowledge and experience, could reach the necessary conclusions, [but] in cases where the causal connection is obscure, [] expert testimony [is] required." *Houghton v. Leinwohl*, 376 A.2d 733, 737 (Vt. 1977). *See also Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) ("Where [] the nexus between the injury and the alleged cause would not be obvious to the lay juror, expert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury." (internal quotation omitted)). Here, the already complex question of what caused Shea's sleep apnea has become even more obscure in light of the evidence that Shea had a nasal condition the predated the accident. Accordingly, Shea cannot establish a causal link between the accident and his sleep apnea without expert testimony.

"Expert testimony must meet a standard of 'reasonable probability' or a 'reasonable degree of medical certainty.'" *Everett v. Town of Bristol*, 674 A.2d 1275, 1277 (Vt. 1996) (quoting *Jackson v. True Temper Corp.*, 563 A.2d 621, 623 (Vt. 1989)). "Thus, speculative expert testimony is irrelevant and is not admissible." *Id*. (citing *Turgeon v. Schneider*, 553 A.2d 548, 552 (Vt. 1988)). Here, Dr. Rho acknowledged in his recent deposition that, in light of the current medical records before him, "[his] opinion is that it is *possible* that the car accident

3

caused the deviated septum, and that's all [he] can say." Rho Dep. 44 (emphasis added). "[W]hen expert medical proof is required, proof of mere possibility standing alone is insufficient." *Rheaume v. Patterson*, 289 F.2d 611, 613 (2d Cir. 1961) (citing *Burton v. Holden & Martin Lumber Co.*, 20 A.2d 99 (Vt. 1941)). *See also Egbert v. Book Press,* 477 A.2d 968, 969 (Vt. 1984) ("Proof of a mere possibility of causation is insufficient unless the evidence excludes all other causes or shows a direct connection between the accident and the injury."). Because Dr. Rho cannot testify with a reasonable degree of medical certainty that the accident caused Shea's sleep apnea, his testimony on the causation element is inadmissible.

In opposing the motion in limine, Shea does not indicate that he has available any other medical expert who will be able to testify with a reasonable degree of medical certainty that the motorcycle accident caused his sleep apnea. Instead, he points to medical records that indicate that the nasal condition diagnosed by Dr. Ryan before the accident was on the right side of his nose while the post-accident condition diagnosed by Dr. Rho was on the left side. Although Shea represents that Dr. Ryan would testify that "her pre-accident evaluation is not consistent with Dr. Rho's post-accident evaluation" and that this change is due to trauma, Opp'n to Mot. in Limine 6, there is no disclosure suggesting that Dr. Ryan will be able to testify with a

4

reasonable degree of medical certainty that the 2006 accident caused the sleep apnea.  In other words, while Dr. Ryan can testify that Shea's nasal condition is different now than when she examined him before the accident, there is no indication that she can testify that this difference was the result of trauma sustained during the motorcycle accident or, more importantly, that this intervening trauma is the cause of his sleep apnea.

Because Shea has not disclosed an expert witness who will testify with a reasonable degree of medical certainty that the motorcycle accident caused his sleep apnea, he will be unable to prove the causation element necessary to recover damages for sleep apnea.  The motion in limine to exclude evidence related to sleep apnea is therefore **granted**.

Dated at Burlington, in the District of Vermont, this 31st day of August, 2011.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge
