UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

```
*************************************
TIMOTHY H. SHEA,                    *
                                    *
                Plaintiff,          *
                                    *
        -- vs. --                   *        CASE NUMBER 2:09-CV-176-WKS
                                    *
WILLIAM H. FORRENCE,         and    *
PETER CORNELIN FORRENCE,            *
                                    *
                Defendants.         *
*************************************
```

**JOINT PRETRIAL MEMORANDUM**

I.      **PLAINTIFF'S STATEMENT OF THE NATURE OF THE CASE**.

        This case involves claims for injuries and damages as a result of a motor vehicle

accident that occurred on August 6, 2006 at the intersection of Main Street and South Willard

Street in Burlington, Vermont.  The Plaintiff, Timothy Shea, was riding his Harley Davidson

Motorcycle traveling straight on Main Street.  The Defendant, William H. Forrence, was

driving his father's, Peter Forrence's, Ford Explorer, traveling on Main Street in the opposite

direction.  The Defendant, William H. Forrence, turned his vehicle left, in front of the

Plaintiff's path of travel, resulting in a collision between Mr. Shea and William Forrence.

William Forrence admitted to the police, at the scene of the accident, that he "misjudged the

speed of the oncoming Bikers and pulled out in front of them."  A witness to the accident,

William Justice, told the police that William Forrence turned left failing to yield the right of

way.  Mr. William Forrence was cited by the Burlington police for "Vehicle Turning Left."

        **DEFENDANTS' STATEMENT OF THE CASE**.

        Defendants acknowledge that it is likely that there will be a finding of negligence

against Mr. Forrence, but that it is a jury issue and so too is the question of comparative

negligence.  Defendants believe that there was little if any signficant injury as a result of the accident.

## II.   STATEMENT AS TO WHETHER THERE ARE AMENDMENTS TO THE PLEADINGS.

There are no amendments to the pleadings anticipated at this time.

## III.   STIPULATIONS.

The parties have not been able to agree to any stipulations.

## IV.   A STATEMENT OF THE FACTUAL ISSUES TO BE DETERMINED AT TRIAL.

1. ]   **Plaintiff's Statement**.

The factual issues to be determined at trial are as follows:

a. ]   Did Mr. William Forrence by his negligence cause the accident in issue;

b. ]   Was Mr. Shea injured as a result of this accident, and if so the extent of his injuries and damages caused by this accident; and

c. ]   What sum of money should Mr. Shea receive as compensation for his injuries and damages.

## V.   A STATEMENT OF THE ISSUES OF LAW TO BE DETERMINED AT TRIAL.

1. ]   Plaintiff's Statement.

There are no issues of law to be determined at trial.

2. ]   Defendants' Statement.

A jury will have to decide if Defendants were negligent and if there is comparative negligence.  The Court will also decide whether a claim may be properly raised against Peter Forrence based solely on his ownership the vehicle his son was driving.  Such claims are not recognized under Vermont law. Further, it is apparent that Plaintiff will attempt to

circumvent the Court's order concerning the deviated septum and sleep apnea.  Evidentiary

rulings will be required on that issue.

VI.    **A STATEMENT OF PLAINTIFF'S CONTENTIONS, INCLUDING THE
THEORY OF RECOVERY**.

The Plaintiff contends that William Forrence was negligent in the operation of his

father's automobile.   Plaintiff contends that Peter C. Forrence as the registered owner of the

vehicle his son was operating is liable for his son's negligence.  Prior to the impact Mr. Shea

was traveling at approximately 15 mph.  As a result of the impact Mr. Shea's body was

thrown forward and his face smashed into the windshield of his motorcycle with such force

that he broke his windshield.  As the result of the Defendant's negligent operation, the

Plaintiff suffered serious personal injuries, including injuries to his back and neck and

injuries to his face, mouth and nose which included a deviated septum.  As a result of this

incident Mr. Shea incurred in excess of $25,000.00 in medical expenses for the fair,

reasonable and/or necessary services to treat said injuries which are ongoing and will require

future additional medical costs.

At the scene of the accident, Burlington Police Officer Wright, observed that Mr.

Shea had an abrasion on his chin, that his nose was red and starting to swell and that his gum

line was bloody and sore.  Mr. Shea informed Officer Wright that in addition his back was

starting to stiffen.  Officer Wright transported Mr. Shea to Fletcher Allen Health Care.

At Fletcher Allen Health Care, Mr. Shea was diagnosed as suffering from a facial

contusion.  His chief complaint according to the Emergency Department Nursing Summary

was of "chin abrasion, low back pain, nose feels numb."

On August 14, 2006, Mr. Shea called his primary care physician, Dr. David Criss, and

reported that he had been in a motor vehicle accident a week earlier.  Dr. Criss referred him

to have ex-rays and tests on his back, neck and face.  On August 15, 2006, Tim Shea was

examined by the Department of Radiology at Melrose Wakefield Hospital where he complained of neck pain, back pain and facial pain. The next day on August 15, 2006, Mr. Shea went to his Dentist, Dr. Kin Wong, DMD complaining that his front teeth felt different.

In December of 2006 Mr. Shea called Dr. Criss, his primary care physician, and reported that since the motor vehicle accident over the summer and that his "snoring is becoming a problem." He asked that a CT of the sinus as that "is where he had gotten hit (under the nose)" or a sleep study. On January 19, 2007, Dr. Criss referred Mr. Shea to Dr. Michael Rho, an otolaryngologist, also known as an ear-nose-throat or "ENT" Doctor. Dr. Rho examined Mr. Shea's nose and septum with an endoscope. According to Dr. Rho, the endoscopic examination "show[ed] **severe nasal septal deviation, left greater than right**, with bony spurs." Prior to his motor vehicle accident, Mr. Shea had been diagnosed by a Dr. Catherine Ryan with a deviated septum to the right. The only intervening trauma to Mr. Shea's nose between the time he was examined by Dr. Ryan and the time he was examined by Dr. Rho was the motorcycle accident he was in with the Defendant. Based on his findings, on August 14, 2007 Dr. Rho performed a septoplasty, a procedure in which Dr. Rho surgically realigned Mr. Shea's septum. According to Dr. Rho the septoplasty procedure resulted in "alleviation of his nasal obstruction and improvement of his nasal airway." Mr. Shea incurred $3,555.00 in fair and reasonable medical charges for his treatment by Dr. Rho. In addition, Melrose Wakefield Hospital where Dr. Rho conducted the septoplasty procedure charged the sum of $7,855.00 for its services with regard to Mr. Shea's operation.

On April 30, 2007 because he was still suffering pain to his neck and back, Mr. Shea was examined by Dr. Timothy Bodzioch, D.C. Dr. Bodzioch examined Mr. Shea and diagnosed him as suffering from Cervicalgia, Cervical Neuralgia/Neuritis, Cervical Segmental Dysfunction and Abnormal Posture which he causally related to the motorcycle accident. Based on his examination, Dr. Bodzioch reported that Mr. Shea's "upper cervical

angle buckled 2 degree to the right.  The lower cervical angle buckled 4 degrees to the right from normal uncompensated.  The cervical dorsal angle compensated for the upper and lower cervical spine by buckling 8 degrees to the left from normal.  The lumbosacral angle buckled 4 degrees to the left, and the lumbodorsal angle buckled 8 degrees to the right compensating for the lumbosacral displacement.  The ilium buckled anterior and superior to the right 4 degrees."  Dr. Bodzioch also reported that his "[f]indings were positive for hyperflexion bone injury" of his C5 vertebral body.

Dr. Bodzioch's initial examination furthered showed the Mr. Shea was suffering from limited range of spinal motion.  According to his examination Mr. Shea performed forward flexion in the range of 30 degrees and was in marked pain in doing so.  The normal forward flexion is 70 degrees.  Mr. Shea was only able to perform backward flexion in the range of 20 degrees while the normal rage is 60 degrees.  Mr. Shea was again in marked pain when he tried to bend backwards.  Similarly, when asked to rotate his body to the right he was only able to rotate 30 degrees when the normal range is 80 degrees.  Mr. Shea reported moderate pain in turning.  The results were the same when he was asked to rotate his body to the left.

Mr. Shea treated with Dr. Bodzioch from April 30, 2007 to April 30, 2008 when he was discharged.  He initially was treated approximately twice a week until August of 2007 when he began treating approximately once a week.  In Dr. Bodzioch's opinion the motorcycle accident caused Mr. Shea's injuries and according to Dr. Bodzioch, Mr. Shea was partially disabled from August 6, 2006, the date of the accident until April 30, 2008 when he discharged him.

In Dr. Bodzioch's opinion Mr. Shea has suffered permanent injuries from his motorcycle accident and can expect continued back and neck discomfort.  Moreover, in Dr. Bodzioch's opinion as a result of the motorcycle accident, Mr. Shea can expect to suffer from

disc degenerative disease.  Mr. Shea incurred $9,495.00 in reasonable medical expenses for his treatment with Dr. Bodzioch.

On or about February 28, 2008, Dr. Brian Aubrey, M.D. diagnosed Mr. Shea as suffering from bursitis in his right shoulder which he causally related to the motorcycle accident and referred him to United Physical Therapy where he was examined by John D. Reilly, Jr., a Physical Therapist.  Based on his examination Mr. Reilly diagnosed Mr. Shea as suffering from cervical sprain and strain, lumbar sprain and strain and bursitis in his right shoulder.  In Mr. Reilly's opinion Mr. Shea's injuries were caused by the motor vehicle accident that he was in with the Defendant in this case.

Mr. Shea treated with United Physical Therapy approximately twice a week from March 4, 2008 through May 29, 2008.  On May 29, 2008 the last day Mr. Shea saw Mr. Reilly he reported that his pain level ranged from 0/10 to a level of 5/10 and that the pain varied daily and with activity level.  Mr. Shea incurred $4,657.00 in reasonable medical expenses for his treatment with United Physical Therapy.

In total Mr. Shea incurred approximately $26,382.00 in reasonable and necessary medical expenses for injuries caused by the accident.

VII.    **A STATEMENT OF DEFENDANT'S CONTENTIONS**.

Defendants contend that Plaintiff was not permanently injured in connection with the accident.  The records reflect that there were some complaints on the day of the accident. They did not include an orthopedic injury.  Plaintiff returned home to Massachusetts the day of the accident. He had x-rays a week after the accident of his back.  There was no further treatment for Plaintiff spine until April 30, 2007, eight months after the accident.  The medical records suggest no neck or shoulder problems between August 2006 and April 2007. Accordingly, it is Defendants' position that any symptoms that were accident related were transitory and resolved within a month of the accident.

VIII.   **LIST OF PLAINTIFF'S WITNESSES**.

1.      Timothy Shea.  Mr. Shea will testify as to the facts of the motor vehicle accident, his injuries, his medical treatment and his damages.

2.      William H. Forrence.  It is anticipated that Mr. Forrence will testify as to the facts of the motor vehicle accident.

3.      Peter C. Forrence.  It is anticipated that Mr. Peter Forrence will testify as to the ownership of the vehicle that his son, William Forrence was driving.

4.      Police Officer Jannine Wright of the Burlington Police Department.  It is anticipated that Officer Wright will testify as to facts concerning the motor vehicle accident and that she cited William Forrence for turning left into oncoming traffic.

5.      William J. Justice.  Mr. Justice witnessed the motor vehicle accident and is expected to testify as to the facts of the accident.

6.       Keeper of Records Fletcher Allen Medical Health Care.  The Fletcher Allen Keeper of Records will provide testimony as to the medical treatment that Mr. Shea received at Fletcher Allen and as to the bills for such treatment.

7.      Dr. David Criss.  Plaintiff will introduce the deposition testimony pursuant to Federal Rules of Civil Procedure Rule 32(a)(4)(B) of Dr. Criss in lieu of his appearance at trial.  Dr. Criss is anticipated to testify as Mr. Shea's primary care physician as to the medical treatment Mr. Shea received for injuries arising out of this motor vehicle accident.

8.      Kin Wong, D.M.D.  Dr. Wong is Mr. Shea's Dentist.  Plaintiff intends to introduce Dr. Wong's dental records to show damages Mr. Shea sustained to his teeth as a result of this motor vehicle accident.

9.      Dr. Timothy B. Bodzioch, D.C.  Plaintiff will introduce the deposition testimony pursuant to Federal Rules of Civil Procedure Rule 32(a)(4)(B) of Dr. Bodzioch in lieu of his

appearance at trial.  Dr. Bodzioch at his deposition testified as to the injuries Mr. Shea

received in the motor vehicle accident and Dr. Bodzioc's treatment of these injuries.

10.     John D. Reilly, Jr., P.T.  Plaintiff will introduce the deposition testimony pursuant to

Federal Rules of Civil Procedure Rule 32(a)(4)(B) of Mr. Reilly in lieu of his appearance at

trial.  Mr. Reilly at his deposition testified as to the injuries he received in the motor vehicle

accident and Mr. Reilly's treatment as a Physical Therapist for these injuries.

11.     Dr. Michael Rho, M.D.  Plaintiff will introduce the deposition testimony pursuant to

Federal Rules of Civil Procedure Rule 32(a)(4)(B) of Dr. Rho in lieu of his appearance at

trial.  Dr. Rho performed an endoscopic examination of Mr. Shea's septum after the accident

and performed the septoplasty operation to correct Mr. Shea's deviated septum.  Dr. Rho

testified that after the accident he examined Mr. Shea's septum and found that he suffered

from a severely deviated septum to the left.  Dr. Rho also testified as the surgery that he

performed to correct Mr. Shea's deviated septum.

12.     Dr. Katherine Ryan, M.D.  Plaintiff will introduce the deposition testimony pursuant

to Federal Rules of Civil Procedure Rule 32(a)(4)(B) of Dr. Ryan in lieu of her appearance at

trial.  Dr. Ryan performed an endoscopic examination of Mr. Shea's septum prior to the

accident.  She testified at her deposition that prior to the accident, Mr. Shea suffered from a

deviated septum to the right and that only a trauma could cause Mr. Shea's septum to shift

from the right to the left.

IX.     **A LIST OF DEFENDANT'S WITNESSES**.

1.     Peter Forrence

2.     William Forrence

3.     Mark Bucksbaum, M.D.  Dr. Bucksbaum conducted a medical records review.  He

will testify that the orthopedic injuries claimed by Plaintiff are unrelated to the accident.

X.     **A LIST OF PLAINTIFF'S EXHIBITS**.

1.      Records of Friday Engineering, Inc., Mr. Shea's employer.

2.      Records from Spillane's Towing & Recovery.

3.      Commerce Insurance Co. Records.

4.      Encompass Insurance Co. records

5.      Records of Avis Rent-A-Car Systems, Inc.

6.      Records from Ride One Rentals, Inc.

7.      Records of General Motors Acceptance Corp.

8.      Records of Fletcher Allen Medical Health Care

9.      Records of Melrose Wakefield Hospital.

10.     Records of Kim Wong, D.M.D.

11.     Records of Dr. David Criss, Melrose Internal Medicine Associates.

12.     Records of United Physical Therapy.

13.     Records of Atlantic Chiropractic.

14.     Records of Blue Cross Blue Shield of Massachusetts, Inc.

15.     Records of Winchester Imaging at Winchester Hospital.

16.     Records of Dr. Kathryn Ryan, M.D.

17.     Records of Harvard Medical School, Mass Eye and Ear Infirmary.

18.     Records of Dr. Brian Awbrey, M.D. of Associated Health Care Group.

19.     Life Expectancy Tables.

XI.     **A LIST OF DEFENDANT'S EXHIBITS**.

1.      Plaintiff's medical records.

XII.    **PLAINTIFF'S STATEMENT OF DAMAGES**.

The Plaintiff, Timothy H. Shea's injuries include, but are no limited to, facial

contusions, nasal septal deviation requiring surgical intervention, sprain and strain of his

cervical and lumbar area, and right shoulder injuries, cuts, contusions, abrasions, headaches,

sleep deprivation, change in breathing, permanent scarring and disfigurement, permanent injuries and medical conditions, substitute and alternative transportation costs, approximately $26,382.00 in incurred medical expenses, loss of consortium, all of which continue into the future.  This August 6, 2006 accident occurred the day before the Plaintiff's forty-first (41st) birthday (d/o/b 08/07/65).  The Plaintiff, since August 6, 2006, has been unable to perform the duties and obligations of his usual life without pain or discomfort, which continues to this date.

The Plaintiff, Timothy Shea, has incurred medical expenses, being at least, from the Fletcher Allen Hospital in the sum of $581.00, Hallmark Health/Melrose Wakefield Hospital in the sum of $7,855.00; Atlantic Chiropractic in the sum of $ 9,495.00; Kin Wong, DMD in the sum of $92.00; Dr. Michael Rho, M.D. in the sum of $3,555.00; United Physical Therapy in the sum of $4,657.00.  In total Mr. Shea to date has incurred the sum of $26,382.00 in reasonable medical expenses.

Additional medical expenses will be incurred in the future.  Timothy Shea has incurred out of pocket expenses, being, at least Pain Medications estimated of $250.00; furniture to alleviate discomfort in the amount of $2,500.00; Property Damage and loss of equity of approximately $ 5,000.00; Towing and Storage having been paid; Substitute Transportation of which $600.00 remains unpaid, for a total of at least $ 34,782.00  The Plaintiff, Timothy Shea has suffered emotional damages and pain and suffering, both of which continue into the future, along with a loss of consortium, being, at least, Partial Disability with pain and discomfort from approximately August 6, 2006 through the present and continuing; and with a permanent and residual disability for the remainder of his life, which has an expectancy of approximately 34 years.

**DEFENDANTS' STATEMENT OF DAMAGES**.

Defendant disputes the damages claimed by Plaintiff.  After initial treatment at FAHC, Plaintiff did not seek treatment for months.  At that time, Plaintiff had complaints of neck pain.  Later, the complaints for which he sought treatment were for shoulder pain. Neither was causally related to the accident.  The medical bills incurred were unrelated to the accident, other than those paid to FAHC.

Plaintiff hoped to argue that he sustained a deviated septum in the accident and that it sufficiently worsened his nighttime breathing that it contributed to his sleep apnea.  No physicians have opined that the deviated septum was caused by the acccident and the Court has ruled that any such testimony is inadmissible.  Accordingly, any testimony seeking to link the deviated septum related medical bills to the accident are precluded.

XIII.   **ESTIMATED LENGTH OF TRIAL**.

The parties estimate that trial will last Five (5) full days.

**CERTIFICATE OF SERVICE**
**[FEDERAL RULES OF CIVIL PROCEDURE, RULE 5.2]**

I, Joseph S. Provanzano, Esquire, hereby certify under oath and under the pains and penalties of perjury that on Friday, September 16, 2011, I served the above pleading to those parties appearing in this action, by service electronically thereto, and to those not so appearing by mailing first class mail, postage prepaid. Signed and sealed under perjury and under oath.

                                       Respectfully Submitted,
                                       Timothy Shea,
                                       By His Attorneys

                                       John J. Kennelly, Esquire
                                       Pratt Vreeland Kennelly Martin and White
                                       P.O. Box 280
                                       64 North Main Street
                                       Rutland, VT  05702-0280
                                       802 775-7141
                                       Kennelly@vermontcounsel.com

Respectfully submitted,
Timothy Shea
By His Attorneys,
Signature Valid Joseph S. Provanzano, Esquire
Digitally Signed by Joseph S. Provanzano, Esquire
DN CN = Joseph S. Provanzano, Esquire C = US
Date:
/s/Joseph S. Provanzano, Esquire

Joseph S. Provanzano, Esquire
Massachusetts BBO # 407400
Laurie B. McGhee, Esquire
Massachusetts BBO # 551385
**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**
16 Bourbon Street, Suite C
Peabody, MA  01960-1338

Tel.     : [978] 535 8222
E-Mail : ProvanzanoLaw@aol.ocm
File      : P09 2133
Date    :  September 14, 2011

Respectfully Submitted,
The Defendants,
By Their Attorneys

Pietro J. Lyyn, Esquire
Lynn, Lynn and Blackman, PC
76 St. Paul Street, Suite 400
Burlington, VT  05401
802- 860-1500
plynn@lynnlawvt.com