UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 SEP 26  AM 11: 14

CLERK

BY_____
DEPUTY CLERK

TIMOTHY H. SHEA                    )
          *Plaintiff,*             )      CIVIL ACTION NO.:2:09-CV-176
                                   )
     v.                            )
                                   )
WILLIAM H. FORRENCE, and           )
PETER CORNELIN FORRENCE,           )
          *Defendants.*            )

## DEFENDANTS' OBJECTIONS TO EXPERT DEPOSITION TESTIMONY

NOW COME the Defendants and object to portions of the transcribed expert testimony

Plaintiff intends to offer at trial.  In support of their motion, Defendants submit the following

memorandum of law.

### Memorandum of Law

There has been motion practice as to the scope of expert testimony that may be provided

by the treating experts relied on by Plaintiff to support his case.  Plaintiff did not disclose any

testifying experts who would go beyond the scope of their treatment of Plaintiff.  The Court

ruled that the testimony admitted at trial would be limited to the scope of those experts' treatment

of Plaintiff.

Further, the Court has ruled that there is insufficient expert evidence as to whether the

accident that is the subject of this litigation caused or worsened Plaintiff's sleep apnea.

Accordingly, all evidence as to sleep apnea is excluded.

It should also be noted that the alleged cause of the sleep apnea, an aggravated deviated

septum caused by the accident, does not have any supporting expert testimony. Further, there is

no expert testimony to support a contention that any of the medical bills generated in connection

with the treatment of Plaintiff's nasal conditions, including the deviated septum, were causally

related to the accident.

On that basis, Defendants object to the testimony of the Plaintiffs' experts as follows:

**Anjali Ahn, M.D.**

Dr. Ahn is a sleep disorders physician. Her testimony was solely on the issue of sleep apnea. She did not treat Mr. Shea for any other condition. Accordingly, all of Dr. Ahn's testimony should be excluded. If the Court chooses to allow the testimony in part, it should exclude the testimony of page 55 and 56, in which Dr. Ahn reads the substance of a letter sent to Attorney Provanzano, Plaintiff's counsel. The letter has already been submitted to the court and indicates that it is possible that the accident led to worsened sleep apnea. (see Exhibit 1)

**Michael Rho, M.D.**

Michael Rho, M.D. is the ear, nose and throat specialist who treated Plaintiff after his accident. He performed the surgery to repair Plaintiff's deviated septum. All of Dr. Rho's testimony should be excluded. He does not opine that any of his treatment of Plaintiff was accident related to a reasonable degree of medical certainty. (see Exhibit 2)

Further, Dr. Rho's testimony includes testimony about sleep apnea which should be excluded on page 8, line 8, page 15, lines 18 through page 17, line 3, page 20, line 9, page 21, line 3 through page 22, line 11 and page 32, line16 through page 33, line 2.

On page 25, line 20 through page 28, line 10, Dr. Rho is asked to read into the record a letter generated outside the scope of his treatment of Plaintiff. Dr. Rho was asked to opine as to the causal relationship between the accident and the subsequent surgery for the deviated septum. Dr. Rho then testifies at page 44, lines 1-5 that he has changed his opinion since that time since he discovered a medical record that shows that Plaintiff had a pre-accident deviated septum. He

changes his opinion on the basis of the preexisting deviation to one that it is possible that the accident caused the deviated septum.

The letter is a hearsay document.  The language of the letter does not establish that the surgery to repair the deviated septum was to a reasonable degree of medical certainty caused by the accident.  More importantly, the actual testimony differed from the letter.  Dr. Rho could not support Plaintiff's claim, as noted in the Court's decision of August 31, at page 2.  Absent an expert testifying that it is his or her current opinion that a complicated medical condition and treatment for it is causally related to the accident, any evidence as to that condition and treatment should be excluded.  A hearsay letter based on incomplete factual information is not admissible to support such medical claims.


**Kathryn Ryan, M.D.**

Dr. Ryan is a colleague of Dr. Rho, who treated Plaintiff before his accident.  She had no contact with Plaintiff after the accident.  Dr. Ryan did not offer any opinion that the accident caused a deviated septum or worsened the preexisting deviated septum.  She could not offer any opinion as to post accident treatment under the Court's ruling about the scope of testimony.  Dr. Ryan testified as to Plaintiff's preexisting deviated septum and spur.  Since there is no expert testimony as to the accident worsening the condition, the entirety of her testimony should be excluded. (see Exhibit 3)

Further, even if the Court allows portions of her testimony, any testimony regarding sleep apnea or matters outside her scope of treatment should be excluded under the Court's earlier rulings.  She discusses sleep apnea on page 28, lines 4 through 21, page 40, lines 3 through 9.  Dr. Ryan testifies as to the septoplasty performed by Dr. Rho on page 31, line 1 through page 32, line 18.

3

Dr. Ryan is asked about Dr. Rho's June 17, 2009 letter on page 33, line 16 through 21. That is clearly outside the scope of her treatment and is a hearsay document generated by Dr. Rho in connection with a litigation related request. Dr. Ryan is again asked about Dr. Rho's notes on page 40, line 22 through page 41, line 21. Dr. Ryan was asked about her findings compared to Dr. Rho's on page 45, page 3 through page 46, line 10. All of the referenced testimony should be excluded pursuant to the Court's rulings on the various motions in limine.

**Timothy Bodzioch, D.C.**

Dr. Bodzioch is a chiropractor, who treated Plaintiff. (see Exhibit 4)  He was presented, presumably by Plaintiff's counsel, with a letter from Plaintiff's insurance carrier.  The letter was apparently a letter from a physician hired by the insurance company to review the file to determine whether Bodzioch should be paid medical payments benefits under Plaintiff's policy for the treatment Bodzioch provided.  The letter was never produced to Defendants and was not in Bodzioch's file at deposition.  Bodzioch draft a response to rebut the insurance company's position.

On page 37, line 8 through page 38, line 23, he discusses the letter and mentions the insurance company.  The testimony should be excluded on hearsay grounds, because it mentions insurance, and because it was outside the scope of treatment.  There is further discussion of the letter on page 50, line 8 through page 52, line 15 and page 54 line 3 through line 12.  Again, any discussion of insurance should be excluded and since the letter is hearsay and since the IME report has not been produced, the testimony should be excluded.

Lastly, Dr. Bodzioch was asked about the contents of the police report on page 72, line 9 through page 73, line 17.  The testimony goes beyond the scope of treatment and is based on a hearsay document.  It should be excluded.

Dated at Burlington, Vermont this 26th day of September, 2011.

WILLIAM H. FORRENCE
PETER CORNELIN FORRENCE

Pietro J. Lynn, Esq.
Attorney for Defendants
Lynn, Lynn & Blackman, P.C.
76 St. Paul St., Suite 400
Burlington, VT  05401

c.       Joseph Stephen Provanzano, Esq.
         Laurie B. McGhee, Esq.
         Kevin R. Candon, Esq.

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| TIMOTHY H. SHEA, | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: 2:09-cv-176 |
|     v. | ) | |
| | ) | |
| WILLIAM H. FORRENCE and | ) | |
| PETER FORRENCE, | ) | |
|     Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Pietro J. Lynn, Esq., of Lynn, Lynn & Blackman, P.C., hereby certify that on this day I served upon the following counsel of record a copy of *Defendants' Objections to Expert Deposition Testimony*:

        Joseph Stephen Provanzano, Esq.
        Laurie B. McGhee, Esq.
        Kevin R. Candon, Esq.

        DATED at Burlington, Vermont this 26th day of September, 2011.

        WILLIAM H. FORRENCE and PETER FORRENCE

        BY:

        Pietro J. Lynn, Esq.
        Lynn, Lynn & Blackman, P.C.
        76 St. Paul Street, Suite 400
        Burlington, VT  05401
        802-860-1500
        plynn@lynnlawvt.com